# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DONN RICHARDSON,<br><br>Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden<br><br>Respondent. | No. ED CV 19-04400-JFW (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF JURISDICTION |

## I. BACKGROUND

On May 21, 2019, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). The Petition seeks relief from Petitioner's 2010 conviction and sentence in Los Angeles County Superior Court for one count of shooting at an inhabited dwelling and two counts of assault with a firearm.[1] See id. at 2.

---

[1] In a series of habeas corpus petitions filed in state courts in 2017 and 2018, Petitioner challenged the California Department of Corrections and Rehabilitation's determination that he was not eligible for parole under Proposition 57 because he was sentenced as a violent offender. See Petition at 20. The Imperial County Superior Court, the California Court of Appeal, and the California Supreme Court denied these petitions. See id. at 20-25. Plaintiff then filed a second series of habeas corpus petitions in the state courts in 2018 challenging his sentence as a violent offender. See id. at 27-29. The Los Angeles County Superior Court, the California Court of Appeal, and the

This is Petitioner's second habeas corpus petition in this Court; a previous petition for habeas relief from the same 2010 conviction and sentence was dismissed for untimeliness. See Amended Report & Recommendation, Richardson v. Montgomery, No. 16-02255 (C.D. Cal. Nov. 9, 2017), Dkt. 36; Order Adopting Amended Report & Recommendation, id. (Mar. 23, 2018), Dkt. 42. Petitioner appealed that decision to the Ninth Circuit, which denied a certificate of appealability. See Order, Richardson v. Montgomery, No. 18-55493 (9th Cir. Mar. 15, 2019), Dkt. 7. Accordingly, this Petition is successive. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2016) (holding that dismissal of habeas petition for failure to comply with statute of limitations renders subsequent petitions second or successive).

## II. DISCUSSION

This Court may not entertain a second or successive habeas petition unless Petitioner obtains leave from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been

---

California Supreme Court denied these petitions. See id. at 27-29, 31, 33. The claims in the instant federal Petition mirror the claims made in Petitioner's second series of state petitions. See id. at 7-11, 27-28.

discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244 (b)(1)-(3); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts. In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits thereto that the petition is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.

Petitioner disclosed his prior federal petition in the instant Petition. See Petition at 14. It is clear from the face of the Petition that it is successive, attacking the same convictions and sentence in Los Angeles County Superior Court. This Court does not have jurisdiction to consider a second or successive petition absent authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation and quotation marks omitted)). Accordingly, the Court will dismiss this Petition without prejudice to its

refiling at such time as Petitioner obtains permission to file a successive petition.²

### III.  ORDER

IT IS THEREFORE ORDERED that judgment be entered summarily dismissing the Petition without prejudice for lack of subject matter jurisdiction.


Dated: July 1, 2019

_____
JOHN F. WALTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

---

² If Petitioner obtains permission to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action nor should he use this case number from this action because the instant action will be closed today. If and when Petitioner files a new petition, the Clerk will give the petition a new case number.